Sarai L. Thornton, Esq. (Bar No. 11067)
sthornton@skanemills.com
SKANE MILLS LLP
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
(702) 363-2535
(702) 363-2534 Fax
*Counsel for Trans Union LLC*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| INNOCENT NGWA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TRANSUNION LLC,<br><br>　　　　　　Defendant. | Case No. 2:24-cv-00285-RFB-MDC<br><br>**[PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER** |

**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**

Defendant Trans Union LLC ("Trans Union") by and through its counsel of record, hereby submits a Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 16 and 26, as well as LR II 16-1 and 26-1. Trans Union attempted to meet and confer with *pro se* Plaintiff multiple times. At first, Plaintiff contended discussion of a discovery plan and scheduling order was premature and should wait until the Court made its ruling on Plaintiff's Motion for Remand. After the Court denied the Motion for Remand, Plaintiff failed to respond to multiple emails and attempts to call him went unanswered.

Defendant Trans Union hereby requests that the Court enter its discovery plan and scheduling order:

**1.　　Discovery Plan:**

Discovery Cut-Off　　　　　　　　　　　**12/07/2024**[1] (180 days from the date this Discovery Plan filed, 6/10/2024)

---
[1] December 7, 2024 is a Saturday.

1

| | | |
|---|---|---|
| Deadline to Amend Pleadings and Add Parties | **09/08/2024**[2] | (90 days prior to the close of discovery) |
| Deadline to Disclose Initial Expert Disclosures | **10/08/2024** | (60 days prior to the close of discovery) |
| Deadline to Disclose Rebuttal Expert Disclosures | **11/07/2024** | (30 days after the Initial Disclosure of Experts) |
| Deadline to File Dispositive Motions | **01/06/2025** | (30 days after the close of discovery) |

**2.     Interim Status Report:** The Parties shall file the interim status report required by LR 26-3 no later than **10/08/2024** or sixty (60) days prior to the close of discovery.

**3.     Pre-Trial Order:** The Parties shall file a joint pretrial order no later **02/07/2025** than or thirty-two (32) days after the date set for filing dispositive motions. In the event that the Parties file dispositive motions, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or further order of the Court. The disclosure required by Federal Rule of Civil Procedure 26(a)(3) and objections thereto shall be made in the pre-trial order.

**4.     Initial Disclosures:** The Parties will serve their initial disclosures on or before **06/24/2024.** Any party seeking damages shall comply with Federal Rules of Civil Procedure 26(a)(1)(A)(iii).

**5.     Extension of Discovery Deadline**: Requests to extend the discovery shall comply fully with LR 26-4. Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.

The motion or stipulation shall include:

a.     A statement specifying the discovery completed by the Parties as of the date of the motion or stipulation;

b.     A specific description of the discovery which remains to be completed;

---

[2] September 8, 2024 is a Sunday.

2

c.  The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

d.  A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the parties informally postponed discovery. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court.

**6. Electronically Stored Information ("ESI"):**

The parties do not believe that this case is suitable for discovery of electronically stored information in native format but state that production of any relevant electronically stored information in hard copy (PDF or other similar means) has been sufficient in prior similar FCRA cases.

**7. LR II 26-1(b) CERTIFICATIONS**: The Parties have not discussed consenting to trial by a magistrate judge and use of the Short Trial Program, because Plaintiff has failed to respond to Trans Union's attempt to meet and confer.

**8. Electronic Service.** Trans Union agrees to accept electronic service of discovery requests and responses pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). In order for such service to be effective on Defendant Trans Union, the following email addresses must be served: sthornton@skanemills.com, pporooshani@skanemills.com, jwade@qslwm.com and kmclemore@qslwm.com. To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday. The Parties have not discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations because Plaintiff has taken the position that this discussion is premature.

**9. Protective Orders**. Any party may seek to enter into a stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c) prior to producing any confidential documents in its possession.

The parties agree that there is a need for discovery in this case to be governed by a

3

1 protective order. Counsel will confer and submit a jointly proposed protective order to the
2 Court at such time. Such jointly proposed protective orders must include, in the first paragraph,
3 a concise but sufficiently specific recitation of the particular facts in this case that would
4 provide the court with an adequate basis upon which to make the required finding of good cause
5 pursuant to Fed. R. Civ. P. 26(c).

6     The parties are not seeking documents or information protected by privilege or
7 otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.
8 The parties agree that following service of any interrogatory response or document production
9 form which some or all information or documents are withheld on the basis of privilege, the
10 parties will confer on the scope of the interrogatories and/or requests for production, the need to
11 limit the scope of same, and any need for privilege logs.

12     Trans Union requests that the number of Requests for Production be limited to forty (40)
13 per party.

14 **10.    Electronic Evidence Conference Certification**. The parties further intend to present
15 evidence in electronic format to jurors for the purposes of jury deliberations at trial. The parties
16 discussed the presentation of evidence for juror deliberations but did not reach any stipulations
17 as to the method at this early stage.

18 Dated this 10th day of June 2024.

                                       SKANE MILLS LLP

                                       /s/ Sarai L. Thornton
                                       Sarai L. Thornton, Esq. (Bar No. 11067)
                                       1120 Town Center Drive, Suite 200
                                       Las Vegas, Nevada 89144
                                       *Counsel for Trans Union LLC*

IT IS SO ORDERED. The Court GRANTS the foregoing Discovery Plan and Proposed Scheduling Order submitted by defendant.  The proposal states that defendant made numerous attempts to meet and confer with the plaintiff about the discovery plan and scheduling order, but plaintiff was uncooperative.  The Court further notes that plaintiff did not respond to the defendant's Discovery Plan and Proposed Scheduling Order.  While the Court recognizes that plaintiff is pro se and that litigating his claims in federal court may be challenging, plaintiff is nevertheless obligated to follow the rules and cooperate with opposing counsel.  "Plaintiff's status as a pro se litigant does not absolve him of the responsibility to comply with applicable rules…. A pro se litigant is under the same obligation as any other litigant to comply with both the Local and Federal Rules." *Barren v. Robinson*, No. 2:11-cv-0650-RLH-CWH, 2014 WL 12623012, at *1 (D. Nev. Apr. 24, 2014).  Local Rule 26-1(a) requires a pro se plaintiff to initiate a discovery conference to discuss and formulate a discovery plan and propose scheduling order. *Id*.  Plaintiff not only failed to do so but also failed to cooperate with defendant to accomplish the submission of a joint discovery plan and scheduling order.  With respect to discovery, parties have an obligation to cooperate and to meet and confer regarding discovery scheduling and disputes.  To "meet and confer" means that plaintiff and defendant's counsel must have one or more conversations about scheduling discovery or any discovery dispute.  Both plaintiff and defendant's counsel have an obligation to be respectful to the other, to act in good faith, and to make good faith efforts to try to resolve the discovery dispute or to schedule discovery.  The Court directs plaintiff to review and follow the Rules of Civil Procedure and the Court's Local Rules. Future failures to comply with the rules may result in sanctions, including dismissal of the action.

_____
United States Magistrate Judge
Dated: 7-2-24

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10 day of June 2024, I filed **[PROPOSED] STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

None.

hereby certify that I have mailed by United States Postal Service the above and foregoing document to the following non-CM/ECF participants:

Innocent Ngwa
ingwa6227@gmail.com
innocentngwa333@yahoo.co.uk
1813 Pinsky Lane
North Las Vegas, NV 89032
(240) 462-2637
*Pro Se Plaintiff*

                                        */s/* Pouneh Porooshani
                                        Pouneh Porooshani